IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dancing Crab at Washington Harbour Limited Partnership<br>t/a Tony and Joe's Seafood<br>3000 K Street NW<br>Washington, DC<br><br>          Plaintiffs,<br><br>   v.<br><br>W. Craig Fugate, Administrator of the Federal<br>Emergency Management Agency,<br><br>AND<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY,<br><br>          Defendants. | Civil Action No. _____ |

## COMPLAINT

COMES NOW the Plaintiff, **Dancing Crab at Washington Harbour Limited Partnership, trading as Tony and Joe's Seafood** (hereinafter either "Insured" or "Plaintiffs" or "TJ's"), by counsel, as and, files this Complaint against **W. Craig Fugate, Administrator of the Federal Emergency Management Agency and against the Federal Emergency Management Agency** (hereinafter collectively referred to as "Defendant" or "FEMA") and in support thereof states as follows:

### I. Parties and Jurisdiction

1. Plaintiff, Dancing Crab at Washington Harbour Limited Partnership, is a limited partnership which at all times material hereto has operated a restaurant under the trade name Tony and Joe's Seafood which operates in a restaurant comprised of approximately 10,562 square feet located at 3000 K St. NW, Washington, DC 20007 (the "Building").

1

2. For many years, including the time period relevant hereto, the Plaintiff had been sold, and had purchased a Standard Flood Insurance Policy ("SFIP") on the contents of the Building including, but not limited to furniture and fixtures, machinery and equipment, Stock and other personal property used in the business (hereinafter collectively the "Covered Property"). A copy of the SFIP and declarations page is attached as **Exhibit 1** hereto (the "Policy" or the "SFIP").

3. The Policy was purchased directly from FEMA and no insurer was involved other than FEMA.

4. The flood insurance is provided by, and the insurer under the SFIP is, the Federal Emergency Management Agency (FEMA) whose Director is Administrator W. Craig Fugate.

5. Defendant Federal Emergency Management Agency (hereafter called FEMA), National Flood Insurance Program, is a part of the United States Department of Homeland Security is the insurer under Policy in place at all relevant times to this Complaint.

6. Pursuant to 42 U.S.C.A. § 4072, the Defendant W. Craig Fugate as the Director of FEMA "shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance".

7. In this matter, the Plaintiff's claim was first allowed and paid, and then was disallowed by the Defendant and stop payment was placed on the checks.

8. This Court has original jurisdiction over this matter pursuant to 42 U.S.C.A. § 4072 (West) which provides, in part that, "upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the

Director, may institute an action against the Director on such claim in the United States District Court for the district in which the insured property or the major part thereof shall have been situated . . . and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."

9. The United States District Court has jurisdiction of this case as is set out in the SFIP at Paragraph VII R. Suit Against Us, which provides as follows:

> You may not sue us to recover money under this policy unless you have complied with all of the requirements of the policy. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of the loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

10. The Plaintiff has complied with all conditions precedent to the filing of this action set out in the SFIP at Paragraph VII R. Suit Against Us.

11. The written denial in this case was made by FEMA, a copy of which is attached as **Exhibit 2**, and which denial is dated July 3, 2012.

12. An appeal was taken from the FEMA denial on August 21, 2012 to the Federal Emergency Management Agency, Mitigation Division Federal Insurance Administrator, for US Department of Homeland Security, a copy of which is attached hereto and incorporated herein as **Exhibit 3**.

13. The Appeal was disallowed on October 31, 2012, a copy of which is attached hereto as **Exhibit 4**.

14. The Court has personal jurisdiction of all parties to this action.

15. The United States District Court for the District of Columbia is the proper venue for this case as

it is the United States District Court of the district in which the insured property was located at the time of the loss.

## II. Factual Allegations

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint.

17. On or about September 20, 2010, FEMA issued the SFIP to the Plaintiff with effective dates from 10/5/2010 to 10/5/2011.

18. The policy was a renewal policy following various flood policies issued for the Plaintiff's restaurant over a number of years.

19. On April 16, 2011 the Plaintiff's Covered Property insured by and under the SFIP suffered flood damage, ("April 16, 2011 Loss") for which the Plaintiff filed a proof of loss in the amount of $150,923.52 a copy of which proof of loss is attached hereto as **Exhibit 5**. Attached to the April 16, 2011 Proof of Loss was substantial documentation to support the claim which is too voluminous to attach hereto.

20. On April 18, 2011, the Plaintiff's Covered Property insured by and under the SFIP suffered flood damage doing separate and additional damages ("April 18, 2011 Loss") for which the Plaintiff filed a proof of loss in the amount of $359,300 a copy of which proof of loss is attached hereto as **Exhibit 6**. Attached to the April 18, 2011 Proof of Loss was substantial documentation to support the claim which is too voluminous to attach hereto.

21. After the flood and pursuant to its policy, the Plaintiff in a timely manner filed a claim with FEMA as to both losses and met all conditions precedent, if any, to the bringing of this action.

22. The claim was accepted and a partial payment was made as an advance payment.

23. FEMA determined that the loss for the April 16, 2011 loss was $221,398.97. See Settlement letter and proof prepared by, and sent to and signed by the Plaintiff at **Exhibit 7**.

24. FEMA determined that the loss for the April 18, 2011 loss was $224,534.27. See Settlement letter and proof prepared by, and sent to and signed by the Plaintiff at **Exhibit 8**.

25. FEMA issued payment on the claims on or about 5/11/2012. See **Exhibit 9**.

26. FEMA gave notice that it had stopped payment on the checks and later issued a denial of the claim on July 3, 2012, a copy of which is attached as **Exhibit 2**.

27. FEMA's denial of the claim and disallowance of the claim and stopping of payment on the checks was wrongful and not in accordance with the Policy.

28. Plaintiff appealed the disallowance which was also denied.

29. Plaintiff has complied with all policy conditions to the brining of this action.

### III. Breach of Contract

30. Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint.

31. FEMA wrongfully disallowed the claim of the Plaintiff on the theory that the leased space, or a portion of the leased space (comprising the building under the policy) was a basement.

32. It is clear that the Plaintiff's restaurant was not a "basement" and that the space fails to meet the definition of a "basement" since it does not have its floor below ground level (subgrade) on all sides.

33. Alternatively, the policy is ambiguous as to what is meant by basement in this context, and or

what is meant by "below ground level (subgrade) on all sides" which ambiguity is to be construed against the Defendant and in favor of coverage.

34. Defendant FEMA has breached its policy with the Plaintiff in failing and refusing to honor the policy after the flood. The acts constituting breach of contract include, but are not limited to, the following:

   (1) misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue, including but not limited to necessary items covered under the policy, the method of determining the amount of the loss, and the property covered by the policy;

   (2) by concluding that the Plaintiff's restaurant was a "basement" when clearly it fails to meet the definition of a "basement" since it does not have its floor below ground level (subgrade) on all sides;

   (3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies, particularly coverage issues answered after no apparent investigation and well before the deadline for filing any Proof of Loss;

   (4) by investigating the claim, determining that coverage exists, and then denying the claim and stopping payment on the checks all without any new or additional information;

   (5) by agreeing after the loss and before the loss that the Plaintiffs property was not located in a basement and providing insurance coverage; and

   (6) refusing to pay claims without conducting a reasonable investigation based upon all available information, particularly where the time between denial and the flood was such that no thorough investigation by FEMA was possible.

35. As a direct and proximate result of Defendant FEMA's breach of contract, Plaintiff suffered damages, including but not limited to payment of the clam as set out in the proofs of loss, and/or as set out in the payments made by FEMA.

WHEREFORE, the Plaintiff Dancing Crab at Washington Harbour Limited Partnership requests

judgment be entered against W. Craig Fugate, Administrator of the Federal Emergency Management Agency and against the Federal Emergency Management Agency jointly and severally for reasonable compensatory damages in an amount not less than (1) $221,398.97 on the April 16, 2011 Loss, and (2) not less than $359,300 as to the April 18, 201 loss, and (3) along with interest, costs, and such other just and proper relief.

        DANCING CRAB AT WASHINGTON HARBOR LIMITED PARTNERSHIP
        Tony & Joe's Seafood
        By Counsel

_/s/ Glenn Silver_
Glenn Silver, Esquire
DC Bar No.: 237552
C. Thomas Brown, Esquire
*Counsel for Plaintiffs*
SILVER & BROWN
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
(703) 591-6666
(703) 591-5618 - Facsimile
ctbghs@aol.com